

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-12-2008

# Drisco v. Elizabeth

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3166

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Drisco v. Elizabeth" (2008). *2008 Decisions.* Paper 1455.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1455

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 06-3166

LORRAINE DRISCO,
Appellant

v.

CITY OF ELIZABETH; POLICE DEPARTMENT OF THE
CITY OF ELIZABETH; DETECTIVE ALBERT MENDES;
DETECTIVE ISMAEL OLIVERO; DETECTIVE FRANK SALTARELLI;
OFFICER HURLER; OFFICER MEOLA; COUNTY OF UNION;
UNION COUNTY POLICE DEPARTMENT; UNION COUNTY
PROSECUTOR'S OFFICE; DETECTIVE JOHN KAMINSKAS;
DETECTIVE KEVIN FOLEY; LIEUTENANT BLAIR MINEO;
INVESTIGATOR JOHN KOWALSKI; PROSECUTOR THOMAS MANAHAN;
REGINA CAULFIELD; ASSISTANT PROSECUTOR ANN LUVERA;
DETECTIVE TRACY DIAZ; DETECTIVE KOURY;
DETECTIVE J. FURDA; DONNA M. HANSEN, FORENSIC CHEMIST;
DETECTIVE ANA ZSAK; DOROTHY J. GORDIMER;
ASSISTANT PROSECUTOR DEBORAH WHITE;
ASSISTANT PROSECUTOR WILLIAM KOLANO; DETECTIVE MCKINLAY;
UNKNOWN JOHN AND JANE DOE(S), all in their official
and individual capacities; DR. SHAIKH, MEDICAL EXAMINER

Appeal from the United States District Court
for the District of New Jersey
(03-cv-00297)
District Judge: Honorable Joseph A. Greenaway, Jr.

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 7, 2008
Before: MCKEE, AMBRO, *Circuit Judges* and
TUCKER,* *District Judge*

---

*Honorable Petrese Tucker, District Judge for the Eastern District of Pennsylvania, sitting by designation.

MCKEE, <u>Circuit Judge</u>:

Lorraine Drisco appeals the district court's dismissal of civil rights claims she brought after criminal charges against her were dismissed. The district court ruled that all of Drisco's claims were time-barred as to all parties. Drisco now challenges that portion of the district court's opinion dismissing her claims for improper investigation and malicious prosecution based on her failure to file her civil complaint within two years of the date that the criminal charges were dismissed. Because the parties now agree that the district court made a mistake about the date the charges were dismissed, we will vacate the district court's order in part and remand for further proceedings.

Drisco's federal complaint was filed on January 22, 2003, and an amended complaint was filed on January 27, 2003. In the opinion accompanying the order dismissing certain of Drisco's claims under the applicable two-year statute of limitations, the district court explained:

> The NJTCA [New Jersey Tort Claims Act] sets a time limit of two years for filing suit. []. . . . The time frame for the alleged improper investigation is unclear, but, in any event, the cause of action must have accrued by the time the charges against Plaintiff were dismissed on January 26, 2000. Because more than two years elapsed between the latest possible time of accrual of the improper investigation claim and the date of filing that claim is time-barred. Lastly, the malicious prosecution claim accrued on the date of dismissal of the charges against Plaintiff. []. Because more than two years elapsed between the time of accrual of the malicious prosecution claim and the date of filing that claim is time-barred.

2

Dist. Ct. Op. at 4-5 (citations omitted).

Drisco now maintains that the district court erred because the charges against her were not dismissed until January 23, 2001, rather than on January 23, 2000, as the district court believed. The defendants do not dispute that assertion. Ans. Br. at 19 ("The Court, in error, identified the dismissal date as having occurred on January 23, 2000."). Nevertheless, for reasons unknown to us, rather than allowing the district court to correct its own error pursuant to Fed. R. Civ. P. 59(e), Drisco filed this appeal.

Defendants contend that Drisco's claims remain time-barred regardless of the district court's error because the malicious prosecution and improper investigation claims were asserted in the amended complaint, filed on January 27, 2003, rather than in the original complaint filed on January 22, 2003. They also argue they are entitled to dismissal based on "good faith" immunity under the NJTCA, an argument raised in the district court but not addressed because that court believed that all claims were time-barred. Since the district court never ruled on the merits of these claims, we believe that they can best be resolved by the district court on remand.

In light of the foregoing discussion, we will vacate the decision of the district court dismissing the claims of improper investigation and malicious prosecution as to all defendants. The decision of the court is otherwise affirmed in all respects.